MINE LAMOTTE LEAD & SMELTING CO. *v.* CONSOLIDATED AN-

THRACITE COAL COMPANY.

Opinion delivered December 16, 1907.

1. TRIAL—OPENING AND CONCLUSION OF ARGUMENT.—Under the rule that the plaintiff has the right to open and conclude whenever it devolves upon him to prove any issue in the case, the plaintiff in a suit to recover a balance upon an open account for articles sold is entitled to the opening and conclusion where the defendant admits that the articles were furnished but denies that any balance is due. (Page 125.)

2. APPEAL—HARMLESS ERROR.—The admission of hearsay evidence tending to prove an admitted fact was not prejudicial. (Page 126.)

3. SAME—INVITED ERROR.—Appellant cannot complain because the trial court admitted incompetent evidence on behalf of appellee if appellant first introduced evidence of the same character. (Page 126.)

4. SAME—INSUFFICIENCY OF ABSTRACT.—Appellant will not be heard to complain because the trial court erred in not giving a certain instruction if it fails to set out in full the instructions given by the court; it being insufficient to set out the substance merely of the instructions. (Page 126.)

Appeal from Johnson Circuit Court; *William L. Moose,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee sued appellant in the Johnson Circuit Court for a balance claimed of $795.21. The claim was for coal furnished. An itemized statement of the account is attached to the complaint as an exhibit, and among the credits was one for the rent of a core drill and diamonds to the amount of $1,320.

The defendant admitted furnishing the coal, but said it was full of slate and dirt and not worth the contract price. It claimed a credit of $1,000 for this defect. It also claimed that the rent for the core drill was $4,070. It also filed a statement of account of many items, claiming a balance due it by appellee of $3,626.14. It made the answer a cross-complaint, and asked for judgment for the amount it claimed was due.

The plaintiff introduced the following evidence: A. A. Daugherty's deposition, as follows: "Was president and general manager of defendant in April, 1904. George Howard was superintendent of defendant company, and continued until end of 1904. The drill and diamonds were shipped to the plaintiff in April or May, 1904. I authorized it. Ten dollars for each day in use was the rent agreed upon."

George Howard testified: "I was superintendent of the defendant company during the whole of the year 1904. Daugherty talked with me about renting the core drill to the plaintiff company, and asked me if I thought ten dollars per day for each day it was in use would be a fair price, and I said yes. He then directed me to ship the drill to he plaintiff." On cross-examination, witness stated that he had never rented a drill, and did not know what would be a reasonable rental for drill and diamond.

Other evidence was introduced by plaintiff tending to corroborate the testimony of the witness Daugherty that the rent of the drill was to be ten dollars per day for each day that the drill was used.

The defendant introduced the following evidence. H. F. Albers: Was president of plaintiff company in 1904. Was 41 years old, a banker of New York City. The defendant leased a drill to the plaintiff in that year. The latter was to pay $10 per day for every day, except Sundays, from the day it reached Spadra till it placed the diamonds on the cars to return it. It arrived, but does not remember the date. As president of the plaintiff, he made the contract to lease the drill. The plaintiff agreed to pay for the drill all the time it retained it, and not merely for the time it was employed.

Other evidence was introduced tending to corroborate Albers that the rent of the drill was to be ten dollars per day

except Sundays. The other testimony is sufficiently referred to in the opinion. The plaintiff recovered a judgment for $370.67, and the defendant appealed.

*Atkinson & Patterson,* for appellant.

*Cravens & Covington,* for appellee.

1. The court erred in holding that the burden of proof was on the appellee, and that it was entitled to open and close the argument. Plea of failure of consideration, either partial or entire, puts the burden on the defendant. 9 Cyc. 963; 17 Ark. 9; 28 Ark. 550; 82 Ark. 331.

2. The court erred in holding that appellant had not complied with rule 9 sufficiently to entitle it to a decision on the action of the lower court in refusing to give its 1st and 6th requests for instructions. Appellant complied with the rule literally in filing "an abstract or abridgment of the transcript, setting forth the material facts of the pleadings, facts and documents upon which he relies." It did not copy any part of the record except the points whose legality it contested. It gave a faithful abstract of the instructions given, and copied the one asked and refused. Could more be required by the rule? Appellee did not challenge its sufficiency. Ought not the court to accept it?

HART, J., (after stating the facts.) Counsel for appellant assigns as error that he was not allowed to open and close the argument, and asked for a reversal on that account. In this he is wrong. "The plaintiff has the right to open and conclude the argument whenever it devolves upon him to prove any issue in the case to maintain his action." *Bertrand* v. *Taylor,* 32 Ark. 470; *Prescott & N. W. Ry. Co.* v. *Brown,* 74 Ark. 607.

Appellant insists that it was prejudicial error to permit the witness Daugherty and Howard to testify to conversations had by them as to the rental value of the drill. We can see no error in this. Daugherty was president, and Howard was superintendent, of the appellant company at the time the conversation was had, and the conversation was to the effect that they considered ten dollars per day while in use a fair rental for the drill. Corporations can only act through agents, and this

conversation is only related by them by way of inducement in stating the matters that led up to the making of the contract. The material part of their testimony is that, acting for the company, they did make an oral contract renting the drill for ten dollars per day while in use.

Again, appellant claims that there was prejudice in permitting Dunlap to relate the conversation had between himself and Daugherty before the contract of rental was entered into. This conversation was to the effect that Daugherty, in the presence of Albers, told Dunlap, who was the treasurer of appellee company, that appellant company had a diamond drill that they soon would be through with, and said that they would rent it for $10 per day for every day while in use. This testimony on the part of Dunlap was immaterial, for Daugherty does not deny the conversation, and testifies that he did rent the drill for $10 per day for each day while in use, and the contract of rental was a verbal one.

Appellant insists that the court erred in permitting the appellee to prove by the witness Jackman the rental value of the drill. The transcript shows that appellant had already asked this same question of the witness George Howard on cross-examination; and appellant can not base prejudicial errors upon matters first brought out by it.

Appellant claims that the court erred in not giving instruction number one asked by it. This instruction is set out in the abstract. The instructions of the court were very voluminous, and counsel for appellant has only set out in his abstract what he considers the substance of the instructions. This is not sufficient. The instructions must be set out in full, otherwise the court is presumed to have covered the matters objected to in the instructions given. *Carpenter* v. *Hammer*, 75 Ark. 349, and cases cited; *Jacks* v. *Reeves*, 78 Ark. 428.

Affirmed.