## FILES *v.* LAW.

### Opinion delivered December 21, 1908.

1. EXECUTIONS—TITLE OF INNOCENT PURCHASER—UNRECORDED DEED.—A *bona fide* purchaser at execution sale takes title as against the holder of an unrecorded deed. (Page 450.)

2. APPEAL AND ERROR—ABSTRACT—EXPLORING TRANSCRIPT.—Where appellant neglects to set out in his abstract such matters as are relied upon to secure a reversal, the court will not explore the record to discover errors of the trial court, except for the purpose of settling conflicting statements of counsel as to what the record contains. (Page 450.)

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; affirmed.

*A. W. Files, pro se.*

*George W. Norman,* for appellee.

McCULLOCH, J. Appellant instituted this action in the circuit court of Ashley County against appellee to recover possession of a tract of land containing about thirty-three acres, and a trial thereof resulted in a judgment in appellee's favor. Appellant owned the land originally, and appellee claims title under an execution sale to A. H. Norman in the year 1877, on a judgment for debt rendered by the circuit court of the United States in favor of J. M. Robinson & Company against appellant. Both parties claim to have had adverse possession of the land for more than seven years continuously next before the commencement of the action. The testimony is not very satisfactorily abstracted, but there appears to have been enough to have sustained a verdict either way on this issue.

Appellant insists that the judgment of J. M. Robinson & Company against him in the Federal court, on which the auction sale to Norman was based, was invalid, but the record does not sustain him, for the certified copy of the judgment in this record shows it to be valid on its face, and appellant proves no grounds for avoiding it. He claims also to have redeemed the land from the execution sale, but the record fails in this particular, too, to sustain him. He contends that about a month before the execution sale he conveyed the land to his son, E. W. Files, and that upon the death of his son without issue in 1881 he inherited the land. The deed to his son, exhibited in the record, is void for uncertainty in the description of the land. Besides, the deed was never recorded until about five years after its execution and after the death of his son, and the testimony tends to show that his son never took possession of the land. The conveyance to his son was therefore of no avail against a purchaser without notice at the execution sale.

So the testimony is sufficient to sustain the verdict of the jury either on the ground that appellee had title under the execution sale or by adverse possession.

Appellant complains of error of the court in giving and refusing to give instructions, but he fails to set forth the instructions so that we can see what the court gave. The only two instructions which are copied in the abstract and brief we do not find to be erroneous, nor does appellant argue that they are incorrect statements of the law. He says they are not applicable; but, as he fails to abstract any of the other instructions, we are unable to ascertain the precise bearing of these on the case, so as to determine whether or not they could have had any prejudicial effect. Appellant argues that many other errors were committed by the court in giving and refusing other instructions, but we can not pass upon the question, because the instructions are not set out. It has been pointed out many times by this court that the judges will not explore the record to discover errors of the trial court except for the purpose of settling conflicting statements of counsel as to what the record contains. It is impossible for us to do so. If the record is to be read at all (except to verify conflicting statements of counsel concerning same), it would have to be done by all of the judges; otherwise the decision would be that of one

judge. The amount of business constantly before the court does not admit of that, and it can be readily seen by any one that, unless attorneys print a fairly complete abstract of the record, it is impossible for the judges to comprehend the issues included so as to form an opinion as to the merits of the controversy. We have repeatedly attempted to point out the necessity for doing this, and have steadily adhered to the rule requiring attorneys to comply with the rules of the court in this respect. *Shorter University* v. *Franklin,* 75 Ark. 471; *O'Neal* v. *Parker,* 83 Ark. 133; *Carpenter* v. *Hammer,* 75 Ark. 349; *Emerson* v. *McNeil,* 84 Ark. 552; *Mine LaMotte L. & S. Co.* v. *Coal Co.,* 85 Ark. 123.

Careful study of appellant's abstract and brief discovers to us no error of the court, and the judgment is therefore affirmed.