QUEEN OF ARKANSAS INSURANCE COMPANY *v.* ROYAL.

Opinion delivered January 29, 1912.

1. APPEAL AND ERROR—BRINGING UP INSTRUCTIONS.—Instructions given by the trial court must be included in the bill of exceptions, and alleged instructions improperly inserted elsewhere in the transcript will not be considered. (Page 96.)

2. SAME—DUTY OF APPELLANT TO ABSTRACT EVIDENCE.—Where the appellant contends that the evidence was insufficient to sustain the verdict, there must be an abstract of all the evidence, or the presumption will be indulged that the evidence was sufficient. (Page 96.)

3. SAME—HARMLESS ERROR.—Where the jury returned a verdict "for the plaintiff," without specifying which one of the plaintiffs, defendant can not complain. (Page 97.)

Appeal from Chicot Circuit Court; *Henry W. Wells,* Judge; affirmed.

*A. W. Files,* for appellant.

Fire insurance policies should be interpreted with a view to arriving at the object and intention of the contracting par-

ties.  113 Pac. 259.  The insured forfeited his right to recover on the policy.  32 So. 104;  176 Fed. 76;  123 N. Y. S. 877;  114 Ill. 390;  55 N. E. 319;  49 Atl. 767;  46 N. W. 1073;  96 N. Y. S. 183.

McCULLOCH, C. J.  This is an action on a fire insurance policy to recover $500, the full amount of the policy.  The subject of the insurance was a house in Eudora, Chicot County, Arkansas, which was totally destroyed by fire.

It seems, from the meager abstract of the record which has been furnished, that the defenses tendered by the answer are that proof of loss was not furnished within the stipulated time, that the assured misrepresented the character of the occupancy of the building, thereby securing a lower rate of premium than the company would have taken the risk for, and that there was a change of occupancy after the policy was written which increased the hazard.

The policy contained a clause stipulating that it should be void "if any change, other than by the death of an assured, takes place in the interest, title or possession of the subject of insurance (except change of occupancy without increase of hazard) whether by voluntary act of the assured or otherwise."

It is insisted that the court erred in its instructions; but, as all of the instructions are not abstracted, we can not consider this assignment.  An inspection of the record discloses, however, that none of the instructions is contained in the bill of exceptions, nor does the bill of exceptions contain any call for them, though the clerk has included what purports to be a list of instructions in the transcript.  This is an additional reason why we can not consider the assignment of alleged errors in giving instructions.

This leaves only the question as to whether the evidence is legally sufficient to sustain the verdict.  Enough of the testimony is abstracted to show that there was some evidence to the effect that proof of loss was furnished during the stipulated time.  Therefore, that question is eliminated from the case by the verdict of the jury.

The rules of this court require that the appellant shall furnish an abstract or abridgment of the record, so that the court can determine, from a perusal thereof, whether or not prejudicial error has been committed.  If such an abstract be not

furnished, an affirmance of the case always follows, as it is not the duty of the judges to explore the record, and we must indulge the presumption that the judgment of the lower court is correct until the contrary is shown.  In a case like this, where the only question is whether or not the evidence is legally sufficient to sustain the verdict, there must be an abstract of all the testimony in the case.  In this instance counsel have merely given excerpts from the testimony of some of the witnesses, which do not purport to be all of the testimony or the substance thereof. We can not therefore determine whether there was any evidence to sustain the verdict and must indulge the presumption that there was sufficient evidence; otherwise the trial judge would not have submitted the issue to the jury.

The action was originally instituted by the assured, but subsequently C. P. Snell, as mortgagee, to whom the policy was made payable (as his interest might appear), intervened in the cause.  The jury returned a verdict "for the plaintiff," stating the amount, and the court rendered a judgment in favor of Snell and the assured.  It is insisted that the judgment is erroneous because the verdict did not specify all the plaintiffs or any particular one.  This is not, however, a matter of which the defendant has a right to complain, for neither the assured nor the intervener have objected to the form of the judgment, and the defendant is not prejudiced by it, as all the parties in interest are bound by the judgment.

Affirmed.