Beaumont *v.* J. H. Hamlen & Son.

4-3780

Opinion delivered March 25, 1935.

*Beaumont & Beaumont, Price Shofner* and *T. N. Robertson,* for appellants.

*Sam T. & Tom Poe,* for appellee.

Johnson, C. J. This action was instituted by appellants, a firm of lawyers located in Little Rock, Arkansas, against appellee, a foreign corporation, to recover an attorney's fee alleged to have been earned in a certain cause of action between one B. S. Biggs and appellee. The contract of employment between appellants and Biggs provided that appellant should receive 50 per cent. of whatever sum was recovered for personal injuries sustained by Biggs by or through the negligence of appellee. Appellants allege that, in pursuance of the contract of employment as attorneys, they filed suit for Biggs against appellee in the circuit court of Pulaski County, and, without the knowledge or consent of appellants Biggs compromised and settled said cause of action prior to a trial thereof. Appellee answered appellants' complaint by

general denial. Subsequently an amended answer was filed, alleging that appellants were discharged as attorneys by Biggs for cause.

The testimony adduced upon trial to a jury tended to establish on behalf of appellants that they had a contract with B. S. Biggs to receive 50 per cent. of whatever sum that might be recovered against appellee for personal injury received by Biggs by or through the negligent act of appellee; that, in pursuance of said contract of employment, a complaint was filed by appellants as attorneys for Biggs against appellee in the Federal District Court for the eastern district of Arkansas; that upon trial this cause resulted in a mistrial; that subsequently a new suit was filed by appellants as attorneys for Biggs in the Pulaski Circuit Court; that this cause was set for trial on May 16, 1933, but that appellants were discharged as attorneys by Biggs on May 12, 1933; that, prior to their discharge as attorneys, they had furnished money for certain expenses of Biggs and otherwise in preparation of said cause for trial. Appellants denied any lack of diligence on their part in the preparation or presentations of Biggs' suit against appellee, and they also denied doing or failing to do any act which would authorize their discharge as attorneys.

On behalf of appellee, the testimony tended to establish the following facts: That appellants agreed, as a part of their contract of employment by Biggs, to assume and pay all expenses incident to procuring witnesses in preparation for trial and to pay the expenses of such witnesses while in attendance upon the court during the trial, and to procure the attendance upon trial of all necessary witnesses; that appellants induced the attendance of certain witnesses upon the trial of said cause in the Federal District Court, but had neglected, failed and refused to pay said witnesses' attendance fees or mileage; that, for the reasons stated, said necessary witnesses had refused to attend upon the trial pending in the Pulaski Circuit Court. For these and other reasons assigned Biggs discharged appellants as attorneys.

Subsequent to the discharge of appellants as attorneys for Biggs, a settlement was effected between Biggs

and appellee for the injuries complained of in the two suits heretofore discussed, and Biggs received $500 for his alleged injuries, and the attorneys then representing Biggs received $415 as their fee. This will suffice to show the trend of the testimony produced in said trial.

The law is well settled in this and most other jurisdictions that, if an attorney, without just cause, abandons his client before the proceedings for which he was retained has been conducted to its termination, or if such attorney commits a material breach of his contract of employment, he thereby forfeits all right to compensation. The general rule is stated in 2 R. C. L., § 132, page 1049, as follows:

"If an attorney, without just cause, abandons his client before the proceeding for which he was retained has been conducted to its termination, he forfeits all right to payment for any services which he has rendered. The contract being entire, he must perform it entirely in order to earn his compensation, and he is in the same position as any person who is engaged in rendering an entire service, who must show full performance before he can recover the stipulated compensation."

The testimony adduced by appellee tended to show that appellants had failed or refused to pay material witnesses their attendance fee or mileage while attending Biggs' case in the Federal District Court, and for this reason said witnesses would not voluntarily attend upon the pending trial in the Pulaski Circuit Court which was set for May 16, 1933. The jury was fully warranted in concluding from this testimony that appellants had abandoned Biggs' case, or that they had committed a material breach of their special contract of employment. At any rate, this testimony warranted the submission of these issues of fact to the jury for their consideration and judgment.

Complaint is also made that the court erred in giving, and giving as modified, certain instructions. These alleged errors cannot be considered by us. All the instructions given by the trial court are not abstracted as required by rule 9 of this court, therefore we must conclusively presume that the cause was submitted to the jury by the trial court under correct declarations of law, there

being no contentions that any of said instructions were inherently defective. *St. L., I. M. & S. Ry. Co.* v. *Day*, 86 Ark. 104, 110 S. W. 220; *St. L., I. M. & S. Ry. Co.* v. *Raines*, 90 Ark. 398, 119 S. W. 665; *Arkansas Ins. Co.* v. *Royal*, 102 Ark. 95, 143 S. W. 596; and *Wallace* v. *St. L., I. M. & S. Ry. Co.*, 83 Ark. 356, 103 S. W. 747.

No reversible error appearing, the judgment is affirmed.