POINSETT GIN COMPANY *v.* McCoy.

4-7098                                    172 S. W. 2d 19

Opinion delivered June 7, 1943.

*Paul H. McKnight,* for appellant.

*H. L. Methvin,* for appellee.

KNOX, J.   The sole ground urged by appellants for reversal is that the evidence is insufficient to justify the findings made by the Workmen's Compensation Commission and, also, by the circuit court on appeal, to the effect that a causal connection existed between the accidental injury sustained by appellant and his · present physical condition.

Where appellant relies upon the insufficiency of the evidence, and fails to set out the evidence in his abstract, the cause will be affirmed for non-compliance with Rule IX of this court. *Eddy Hotel Co.* v. *Ford,* 90 Ark. 393, 119 S. W. 270; *Queen of Ark. Ins. Co.* v. *Royal,* 102 Ark. 95, 143 S. W. 596; *Stewart* v. *Bobo,* 81 Ark. 66, 98 S. W. 682.

Where, as here, only one point is raised on appeal an abstract of the testimony on that point alone is sufficient compliance with the rule. *St. L. I. M. & S. R. Co.* v. *Craft,* 115 Ark. 483, 171 S. W. 1185.

Appellants have failed to prepare and present an abstract in the form and manner contemplated by the

rule. The medical evidence alone, all of which, of course, is vital to a proper determination of the issue, consists of the testimony of five doctors, and stipulation of counsel as to the prior testimony of another.

The transcript of such evidence constitutes forty-three of the one hundred pages of the record. The respective members of the court are not given the benefit of an abridged statement of the whole testimony of these doctors. It is true that in the course of his argument appellants' counsel quoted one or two isolated questions and answers from the testimony of each of these doctors, and gave reference to the pages of the transcript where such matter may be found. A similar situation was presented in the case of *Queen of Ark. Ins. Co.* v. *Royal, supra,* and Chief Justice McCulloch, speaking for the court, said: "In a case like this, where the only question is whether or not the evidence is legally sufficient to sustain the verdict, there must be an abstract of all of the testimony in the case. In this instance counsel have merely given excerpts from the testimony of some of the witnesses, which do not purport to be all of the testimony or the substance thereof. We cannot therefore determine whether there was any evidence to sustain the verdict and must indulge the presumption that there was sufficient evidence."

The fact that the justice who writes the opinion is willing to explore, or, as in this case has explored, the original transcript, furnishes no reason for failure to enforce the rule, for, as was said by Judge McCulloch in *Files* v. *Law,* 88 Ark. 449, 115 S. W. 373: "If the record is to be read at all (except to verify conflicting statements of counsel concerning same), it would have to be done by all of the judges; otherwise the decision would be that of one judge. The amount of business constantly before the court does not admit of that, and it can be readily seen by any one that, unless attorneys print a fairly complete abstract of the record, it is impossible for the judges to comprehend the issues included so as to form an opinion as to the merits of the controversy.. We have repeatedly attempted to point out the necessity for doing this, and have steadily adhered

to the rule requiring attorneys to comply with the rules of the court in this respect."

Affirmed.