U. Stanley ARDOIN, Appellant,

v.

June Slavens ROYDEN, Guardian of the Estate of Laura S. Wood, Appellee.

No. 16022.

Court of Civil Appeals of Texas.

Fort Worth.

June 5, 1959.

Rehearing Denied July 10, 1959.

William H. Scott, Houston, for appellant.

Fountain, Cox, Gaines & Fox, Joyce Cox, and Frank G. Evans, III, Houston, for appellee.

MASSEY, Chief Justice.

Plaintiff U. Stanley Ardoin sued defendant June Slavens Royden, Guardian of the Estate of Laura S. Wood, for compensation on a quantum meruit basis for services rendered Mrs. Wood before the defendant was appointed guardian.

Defendant moved for summary judgment, (assertedly) joining issues by pleadings subject to the court's action on such motion. Upon hearing below, summary judgment was entered as prayed for by the defendant. Plaintiff appealed.

Judgment reversed and the cause remanded for trial on the merits.

Although we deem the matter of no importance for the purpose of resolving the question before us, it is a fact that the plaintiff is an attorney. He was under suspension for a period of three months, said period having been after the last date on which he rendered services to Mrs. Wood, compensation for which he prayed by his suit. Plaintiff had entered into a written contract with Mrs. Wood, whereby he agreed to perform services in her behalf, prior to the time the defendant was appoint-

ed guardian of her estate. The contract is as follows:

"State of Texas

"County of Harris    "Know All Men by These Presents:

"That I, Laura Slavens Wood, of Houston, County of Harris and State of Texas, has this day made, constituted and appointed and by these presents do make, constitute and appoint U. Stanley Ardoin, Attorney of Houston in the County of Harris and State of Texas, my true and lawful Attorney for me and in my name and place and stead, to look out for my well being, and to keep me in my own house. He is to choose my Doctors, pay bills and all acts necessary for my well being. He is empowered to sell my real estate. I, Laura Slavens Wood do hereby assign, transfer and deliver to my said attorney (⅓) One-third of what I presently own and one-third (⅓) of all assets he may recover from my son's estate, and I am hereby employing him to pursue and do all things necessary in establishing my rights, interest and title to property held in trust by my son Forest E. Wood, now deceased, and I am hereby giving and granting to said attorney full power and authority to perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that the said attorney or his substitute shall lawfully do in the premises by virtue hereof.

"In Testimony Whereof, I have hereunto set my hand and seal at Houston, this 22nd day of January, 1957.

"/S/  Laura Slavens Wood"

Though the contract gave plaintiff a power of attorney and substantially made him an attorney-in-fact, and went so far as to identify and describe him as an attorney, we nevertheless are of the opinion that he could have performed all the duties assumed by him under the contract had he been other than an attorney. He could have employed an attorney if he saw fit. It is for this reason that we deem it immaterial that during a certain period plaintiff was forbidden to practice law.

By his pleadings the plaintiff averred the contract in question, the fact that had he been permitted to complete his obligations therein his compensation would have been governed by its terms, and that he was prevented from complete performance thereunder without any fault of his own. Impliedly, we believe the petition to aver prevention of further performance because of the acts of the defendant. Indeed, such is alleged in the answer plaintiff filed to the defendant's motion for summary judgment. Other allegations completed plaintiff's case for recovery of compensation on a quantum meruit.

In reply to said petition, the defendant filed her motion for summary judgment. Subject thereto, she filed an answer to the petition consisting of a general denial, plea of fraud, denial of consideration, failure of consideration, contention that no benefits were received, etc. Upon the hearing of the motion, this pleading of the defendant was introduced, so undoubtedly all the circumstances operated to make the motion follow the pleading. In other words, it appears that due order was restored. Following the hearing, the trial court entered summary judgment as prayed for by defendant's motion.

We are convinced that it was improper to enter summary judgment in this case under the record as it stood at time motion therefor was heard.

██    The contract in question was an entire contract. A party generally cannot recover without showing full performance of his part of the provisions of an entire contract. Any right of recovery as a result of part performance is on a quantum meruit. It was on this theory that plaintiff claimed the right to recover by his suit. There may be a recovery on quantum me-

ruit where only part performance has been rendered if such partial performance was accepted by, or was of benefit to, the other party,—subject to the other's right to recover damages sustained by reason of any breach. In so far as recovery is permitted, such is based upon an implied contract on the part of the other party to pay for the benefits he has received in that it would be inequitable on his part to refuse to pay for them. It is not essential that the party seeking to recover show facts justifying him in having failed to perform the contract in full, and his evidence is sufficient if he shows that the part performed was of benefit to or was accepted by the other party. 10-A Tex.Jur., p. 501, "Contracts," § 246, "Partial Performance." See also p. 24, sec. 9, "Coexistence of Express and Implied Contracts."

■■ The pleadings of the plaintiff in the case before us for compensation on a quantum meruit are unchallenged by exception. We therefore indulge every reasonable intendment in favor of his pleadings. Under these conditions, we are of the opinion that the allegations thereof are broad enough to show either an acceptance on the part of Mrs. Wood and her guardian, the defendant, of only the performance rendered up until the date of May 30, 1957 (the day prior thereto having been the last on which plaintiff claimed to have rendered service), to show that acts of the defendant prevented completion and excused further performance on the part of the plaintiff, or both. Only the first showing would have been necessary.

■ We do not believe that there was any evidence on summary judgment which could have operated to discharge the defendant's negative burden of showing as a matter of law that plaintiff had no cause of action on quantum meruit. The defendant contented herself with a sworn motion unaided by any attached affidavit. On the hearing, all that was presented to the court were instruments consisting of the answer thereto (also unaided by any attached affi-

davit), pleadings on file, court papers from a proceeding in another court in which the defendant had obtained temporary restraining order preventing plaintiff from proceeding further to handle any business for Mrs. Wood, papers from the probate court consisting of the defendant's written objections filed to the claim of the plaintiff for the same compensation sued for, and certified copies of the judgment which suspended plaintiff from the practice of law between dates of June 1, 1957, and August 31, 1957, both dates inclusive. There was no affidavit, deposition, admission, or other extrinsic evidence which could have been taken along with defendant's motion making it sufficient upon its face to establish facts which, if proven at a trial on the merits, would entitle the defendant to an instructed verdict. It is by such that the right of a movant for a summary judgment is to be tested, unaided by the state of the movant's pleadings, even when verified, if there be issues made in the pleadings. Sparkman v. McWhirter, Tex.Civ.App., Dallas 1953, 263 S.W.2d 832, error refused, and cases following.

Judgment is reversed and the cause remanded for trial on the merits.