JUNE SLAVENS ROYDEN, GUARDIAN OF THE ESTATE OF LAURA S. WOOD V. U. STANLEY ARDOIN.

No. A-7477. Decided January 13, 1960.
Rehearing Overruled February 10, 1960.
(331 S.W. 2d Series 206)

*Fountain, Cox, Gaines & Fox, Joyce Cox* and *Frank G. Evans III,* of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the contingent fee contract did not establish an attorney-client relationship between respondent and petitioner's aunt, and that the

Grievance Committee's judgment suspending Respondent's license to practice law was immaterial to his asserted claim for attorney's fees.

Baird v. Ratcliff, 10 Texas 81, Id. 14 Texas 43; Fletcher v. Krise, 120 Fed. 2d 809, cert. denied, 314 U.S. 608, 86 L. Ed., 489, 62 Sup. Ct. 88; Sympson v. Rogers, (Mo.) 314 S.W. 2d 717.

*William H. Scott,* of Houston, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

In January of 1957 respondent, Ardoin, an attorney at law, obtained a written contract of employment from a Mrs. Laura S. Wood, a childless widow 93 years of age.[1] His compensation was to be on a contingent basis, namely, one-third of what he might recover for Mrs. Wood out of her deceased son's estate. Thereafter, on account of professional misconduct the respondent's license to practice law was suspended and he was further temporarily enjoined from having anything to do with Mrs. Wood's property or affairs. Respondent filed this suit against June Slavens Royden, guardian of the person and estate of Laura S. Wood, N.C.M., in quantum meruit for services rendered to Mrs. Wood prior to the appointment of her guardian. The trial court on motion of the petitioner-guardian granted summary judgment that respondent, Ardoin, take nothing. The Court of Civil Appeals has reversed and remanded the cause. 326 S.W. 2d 14.

The Court of Civil Appeals was of the opinion that it was

---

1.—"STATE OF TEXAS
"COUNTY OF HARRIS  KNOW ALL THESE MEN BY THESE PRESENTS:
"That I, Laura Slavens Wood, of Houston, County of Harris and State of Texas, has this day made, constituted and appointed and by these presents do make, constitute and appoint U. STANLEY ARDOIN, Attorney of Houston in the County of Harris and State of Texas, my true and lawful Attorney for me and in my name and place and stead, to look out for my well being, and to keep me in my own house. He is to choose my Doctors, pay bills and all acts necessary for my well being. He is empowered to sell my real estate. I, Laura Slavens Wood do hereby assign, transfer and deliver to my said attorney (1/3) one-third of what I presently own and one-third (1/3) of all assets he may recover from my son's estate, and I am hereby employing him to pursue and do all things necessary in establishing my rights, interest and title to property held in trust by my son FOREST E. WOOD, now deceased, and I am hereby giving and granting to said attorney full power and authority to perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that the said attorney or his substitute shall lawfully do in the premises by virtue hereof.
"IN TESTIMONY WHEREOF, I have hereunto set my hand and seal at Houston, this 22nd day of January, 1957.
"/S/ LAURA SLAVENS WOOD"

immaterial that respondent was an attorney and that his license to practice had been suspended. That coure concluded, first, that the contract did not create an attorney-client relationship nor obligate the respondent to perform any professional services as a lawyer; secondly, that this being a contract performable by a layman resulting in partial performance, recovery would be allowed for the value of such services as were of benefit to and were accepted by the other contracting party, citing 10-A Texas Jur., "Contracts, Section 246, Partial Performance." We do not agree with the result so reached and are of the opinion that the summary judgment granted by the trial court should be affirmed.

To begin with, respondent himself construed the contract as one of professional employment, and we think correctly so, and sued for legal services rendered alleging that they were of benefit to and accepted by his client. The contract denominated him as an attorney, and while it did in fact charge him with some obligations that could properly be performed by a layman, such as looking out for her well being, selecting her doctors, paying her bills, and selling her real estate, it also and principally employed Ardoin to establish her right, title and interest in and to property that comprised the estate of her deceased son and assigned to him one-third of all that he might recover for her. Beyond question this would call for the services of a lawyer and the fact, as pointed out by the Court of Civil Appeals, that respondent could employ a lawyer to perform this service would not render the contract any less of a professional character. Also, respondent believed that the employment required his services in a professional capacity for in his petition he alleged as follows:

"That on or about the 20th day of January, 1957, LAURA S. WOOD, employed this Plaintiff in the capacity of an attorney at law to represent her generally and in particular to locate and check title to real estate in her name, and ascertain and advise her of her interest in the estate of E. S. WOOD, her deceased husband and in the estate of F. E. WOOD, her deceased son, and to have any such property so located appraised, and to sell real estate and to handle her legal affairs and to do all things necessary in establishing her right, interest and title in properties held in trust by her deceased son F. E. WOOD. That Plaintiff accepted said employment as an attorney and on the days and dates as herein set forth rendered the services as herein set forth, towit:"

He then set out in his account some 100 or more different

entries detailing services rendered during the months of January to May, 1957, inclusive, that he said consumed over 400 hours of his time. The nature of the work done, he classified, as conferences with client, searching deed and tax records, preparation for suit, briefing law questions, preparing objections to inventory and probate matters, appearing in court, drawing his client's will and advising her as to the terms thereof, investigating the law of trusts and related legal subjects and other matters of a similar nature. Other charges were made for inspecting properties, compiling information, conferences with bankers and relators, inspecting tax returns, etc., and while these services might be performed by a layman, yet they were incidental and normally would have been performed by a lawyer or someone under his direction, in the preparation of a suit to recover for his client the properties that belonged to the estate of the deceasd son. It may be observed that no charges were made for attending to the personal care or physical needs of Mrs. Wood. In our opinion he was employed as a lawyer, performed services that a lawyer would be called upon to perform and filed his suit for legal services.

Prior to the execution of this contract of employment the professional conduct of the respondent had been called into question before the Houston Grievance Committee of the State Bar of Texas. The complaint having been filed after due notice, on February 28, 1957 respondent was found guilty of barratry and of a willful violation of the provisions of the Canon of Ethics. His license to practice was ordered to be suspended for a period of three months effective June 1, 1957. On the same date the respondent accepted the action of the Committee as final.

In Beaumont v. J. H. Hamlen & Son, 190 Ark. 630, 81 S.W. 2d 24, the settled law is held to be that: "If an attorney, without just cause, abandons his client before the proceeding for which he was retained has been conducted to its termination, or if such attorney commits a material breach of his contract of employment, he thereby forfeits all right to compensation." Mills v. Metropolitan St. Ry. Co., 282 Mo. 118, 221 S.W. 1; Cyre v. O'Neal & Allday, 135 S.W. 253, (Texas Civ. App., 1911, no writ history) ; 7 C.J.S., Attorney and Client, Section 169, p. 1031; see also 45 A.L.R., p. 1135, Annotation, Attorneys-Compensation-Disbarment, and cases collated at p. 1138.

Where the attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services,

if any, that have been rendered. His disbarment or suspension is considered tantamount to and to have the same effect as a voluntary abandonment, for the attorney by knowingly and willfully practicing such a course of conduct that would lead to the termination of his right to practice, renders it impossible to complete the work that he engaged to perform. Sympson v. Rogers, (Mo.), 314 S.W. 2d 717; Kimmie v. Terminal R. Ass'n. of St. Louis, 344 Mo. 412, 126 S.W. 2d 1197; Egan v. Waggoner, 41 S.D. 239, 170 N.W. 142; Davenport v. Waggoner, 49 S.D. 592, 207 N.W. 972; 45 A.L.R. 1126; In re Woodworth, 2 Cir., 85 F. 2d 50; Fletcher v. Krise, 73 App. D.C. 266, 120 F. 2d 809.

The judgment of the Court of Civil Appeals is reversed and the summary judgment rendered by the trial court is affirmed.

Opinion delivered January 13, 1960

Rehearing overruled February 10, 1960.