Leonel LÓPEZ, Sr., Zulema M. López, and Leonel López, Jr., Individually and on behalf of the Estate of Eloy López, Deceased, Appellants,

v.

MUOZ, HOCKEMA & REED, L.L.P. and Albert A. Muoz, II, David A. Hockema, and Roger H. Reed, Individually and d/b/a Muoz, Hockema & Reed, Appellees.

No. 04–97–00752–CV.

Court of Appeals of Texas, San Antonio.

Aug. 26, 1998.

---

Dan Pozza, Timothy Patton, Pozza & Patton, San Antonio, for Appellant.

Darrell L. Barger, Rose Rivera Vela, Barger & Moss, L.L.P., Corpus Christi, for Appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal originated from the payment of attorneys fees to a law firm that represented the López family in their lawsuit against Westinghouse. The Lópezes sued their lawyers in that case for breach of contract and breach of fiduciary duty, and the trial court granted summary judgment in favor of the lawyers. The Lópezes are appealing the trial court's order.

### Background of the Appeal

On July 26, 1989, Leonel López, Sr., and Leonel López, Jr., signed an attorney em-

ployment contract with the law firm of Muoz, Hockema & Reed (the Lawyers). Under this contract, the Lawyers represented the López family in a wrongful death lawsuit filed against Westinghouse Electric Corporation (Westinghouse). The contract provided that the Lawyers would receive 40% of any recovery that the Lópezes received. In the event the case was appealed, the Lawyers were to receive 45%.

The Lawyers successfully litigated the case, obtaining a jury verdict for over $25 million. The trial court rendered judgment on July 31, 1991, and the Lawyers began settlement negotiations with Westinghouse to avoid the risk of an appeal. The Lawyers indicated to Westinghouse that they would not settle for less than $15 million. Westinghouse's attorney agreed to this offer on October 11, 1991.

On October 18, 1991, before the settlement agreement was finalized, Westinghouse filed a deposit in lieu of cost bond. The Lópezes met with the Lawyers and a tax attorney on October 21, 1991, to discuss the best way to distribute the $15 million. At this meeting, the Lawyers told Mr. López, Jr., that their fee would be 45% and that the family's share of the recovery would be $8,250,000. A settlement agreement was signed on October 30, 1991.

On April 11, 1995, the López family filed suit against the Lawyers to recover $750,-000.00 in over-payment of attorneys fees. This figure represents 5% of $15 million. In their petition, the Lópezes contended that the Lawyers breached the attorney employment contract by charging them 45% instead of 40% of their settlement recovery. They further contended that this action constituted a breach of the fiduciary duty between themselves and the Lawyers. Both sides moved for summary judgment.

In their motion, the Lópezes contended that, on its face, the record established that the Lawyers breached their contractual duty, and that this action constituted a breach of fiduciary duty. This misconduct, the Lópezes argued, required the Lawyers to forfeit, not only the $750,000.00 in over-paid fees, but the other $6 million paid to the Lawyers.

In response to this motion, and in their own motion for summary judgment, the Lawyers contended that they had not breached the contract because the Lópezes' case had been appealed. If the court considered the case as not having been appealed, the Lawyers argued that the breach of contract claim was barred by the doctrines of "acceptance of benefits" and "accord and satisfaction," and that the breach of fiduciary duty claim was barred by limitations.

■ The trial court granted the Lawyers' motion, with the exception that the court found "a fact issue [existed] involving the date of the plaintiffs' alleged discovery of their cause of action." This language appears to permit the Lópezes to proceed on their breach of fiduciary duty claim. If so, the judgment is not a final appealable order without a severance. Because the court's order is not final on the face of the judgment, we first address the issue of this court's jurisdiction.

### Jurisdiction

After the trial court rendered judgment on the motions for summary judgment, the López family requested a severance. The trial court denied the request. Thus, the court's order does not appear to be final. Despite this appearance, we conclude the order is appealable. Although the order seems to permit the family to proceed on its breach of fiduciary claim, we find that the order disposes of that claim because the López family tied its breach of fiduciary duty claim to its breach of contract claim.

In their petition, the Lópezes alleged that the Lawyers had intentionally and knowingly mis-represented their legal right to charge additional compensation and that the Lawyers had breached their contract with the family by over-charging them 5% of the recovery from Westinghouse. The family further alleged that this misconduct constituted a breach of the Lawyers' fiduciary duty.

To rule as it did, the trial court had to make one of the following findings: (1) the Lawyers did not breach the contract, (2) the breach of contract claim was barred by the

doctrine of accord and satisfaction, or (3) the Lópezes were estopped by their acceptance of benefits under the contract. Any one of these findings would dispose of the family's breach of contract claim and, accordingly, dispose of the family's breach of fiduciary duty claim because the claim was predicated on a finding that the Lawyers breached their contract by over-charging the family. As a result, the court's order essentially disposed of all claims, except for the Lawyers' affirmative defense of statute of limitations for the breach of fiduciary duty claim. Based on this analysis, we conclude that the order is then a final order over which this court has jurisdiction. Because we have jurisdiction, we now proceed to the parties' arguments on appeal.

### Issues on Appeal

In their appeal, the Lópezes contend that the trial court erred in all regards and ask this court to reverse and render judgment, holding that the Lópezes are entitled to recover all of the Lawyers' fees—if not all of the attorneys fees, then at least the $750,-000.00. In the alternative, the Lópezes ask us to reverse and remand on both claims for trial. The Lawyers, however, contend that the trial court was correct in its judgment except for its finding concerning the breach of fiduciary duty claim. In a cross-appeal, the Lawyers argue that the breach of fiduciary duty claim is barred by the statute of limitations.

The contract between the López family and the Lawyers read in pertinent part:

> I/we, the undersigned, hereby retain FLORES, MUNOZ, HOCKEMA & REED,[1] Attorneys, to represent me/us in all actions resulting from injuries and death of our son and my brother Eloy Lopez.
>
> For services rendered, I/we assign 40% of any monies or other property recovered. If the case is appealed to a higher court then 45% of any monies or other property recovered is herein assigned. If nothing

is recovered, I/we owe said attorneys nothing.

According to the López family, this language clearly indicates that the parties intended to provide additional compensation to the Lawyers in the event the case was appealed. The case, however, was not appealed, and thus, the Lópezes contend that the Lawyers were not due additional compensation. By charging the Lópezes 45% of the money recovered by the settlement versus 40%, the Lópezes argue that the lawyers breached the attorney employment contract.

■ In response, the Lawyers rely on the action of the defendant in the original lawsuit to perfect an appeal by filing a cash deposit in lieu of cost bond. Because the settlement agreement was not signed until after an appeal was perfected, the Lawyers contend that the face of the record establishes that the case had been appealed to a higher court at the time of settlement. Thus, the Lawyers argue that they did not breach the contract.

### The Breach of Contract Claim

In their first issue, the López family argues that there was no appeal "to a higher court" under the attorney employment contract as properly construed. We agree. Whatever "appealed to a higher court" means, it means more than filing a cash deposit in lieu of a cost bond, and that is all that occurred here. See Bigby v. State, 892 S.W.2d 864, 871 (Tex.Crim.App.1994) (stating that "[p]rocedurally, an 'appeal' is a review by a superior court of an inferior court's decision"). For example, the rules of appellate procedure that applied at the time the cost bond was filed required the clerk of the trial court to transmit the transcript of the case to the appellate court. See TEX.R.APP. P. 51(c) (West 1997). The rules required the appellant in a civil appeal to file a brief within a prescribed time period. Id. R. 74. If the appellant did not file a timely brief, the old rules gave the court of appeals the authority to dismiss the appeal. Id. The rules required the brief to include the points of error upon which the appeal was predicated

---

1. Flores, Muoz, Hockema & Reed was the predecessor in interest to the appellee, Muoz, Hockema & Reed.

and supporting authorities. *Id.* The rules also permitted the appellee to respond to those arguments in a brief. *Id.* After consideration of those points of error, the rules required the court of appeals to write an opinion which addressed every issue raised and necessary to final disposition of the appeal. *Id.* R. 90. Thus, the rules of appellate procedure clearly anticipated a meaningful review of the appellate record and a careful consideration of the arguments presented in the appeal. Certainly, the Lawyers understood that "appealed to a higher court" means more than initiating the appellate process. Construing the employment contract in consideration of the parties' intention, *see Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983) (directing courts to ascertain intentions of parties when interpreting contracts), no evidence exists that the Lópezes intended to pay their lawyers an additional $750,000.00 for doing nothing. The conduct relied on by the Lawyers for charging the additional fee is not even their own conduct, but rather the unilateral action of the defendant's attorney. By charging the López family 45% instead of 40%, the Lawyers breached their employment contract when they over-charged the family. Because the Lawyers over-charged the family, we next consider the Lawyers' defenses.

### Acceptance of Benefits

■ The Lawyers argue that the breach of contract claim is barred by the doctrine of acceptance of benefits. According to the Lawyers, the López family was fully aware that they were being charged 45% for attorneys fees, and about the reason they were being charged 45%, at the time they signed the settlement agreement. Because they maintain that their clients understood the consequences of the settlement, the Lawyers argue that the Lópezes cannot now claim they are entitled to more. In other words, the Lawyers contend that the López family is estopped from claiming breach of fiduciary duty because they accepted the benefits of the settlement agreement with full disclosure about the status of the appeal.

■ For estoppel to apply, the party against whom the estoppel is asserted must

have acted with full knowledge of material facts and his rights. *See Turcotte v. Trevino,* 499 S.W.2d 705, 712–13 (Tex.Civ.App.—Corpus Christi 1973); *Byrd v. Woodruff,* 891 S.W.2d 689, 699–700 (Tex.App.—Dallas 1994, writ dism. by agr.); *Herschbach v. City of Corpus Christi,* 883 S.W.2d 720, 737 (Tex. App.—Corpus Christi 1994, writ denied). The López family may have acted with knowledge of material facts, but they did not act with full knowledge of their rights. The summary judgment evidence established that the Lópezes knew that both Westinghouse and the Lawyers had taken some actions toward an appeal. They also understood that these actions served as the basis for being charged 45% instead of 40%. But they did not understand that "appealed to a higher court" means more than filing a cash deposit in lieu of a cost bond, and thus the Lópezes were not fully aware of their rights at the time they paid the extra 5%. Because the family was not fully aware of their rights, the Lawyers cannot rely on the acceptance of benefits doctrine.

### Accord and Satisfaction

■ The Lawyers also assert that the family's claims are barred by the doctrine of accord and satisfaction. Because the Lawyers contend that the López family agreed to accept a settlement with 45% deducted for attorneys fees after full disclosure, they argue that an accord arose, and that the accord was satisfied when the Lópezes accepted the settlement.

To prevail on this defense, the Lawyers had to prove that a bona fide good faith controversy existed between themselves and the López family at the time of settlement, and that they acted in good faith in making the settlement and did not take unfair advantage of their fiduciary duty. *See Thywissen v. Cron,* 781 S.W.2d 682, 686 (Tex.App.—Houston [1st Dist.] 1989, writ denied). At the time of the settlement agreement, no controversy existed because the Lópezes did not understand that the Lawyers were not entitled to a 45% fee. A dispute did not arise until the López family understood that the case had not been appealed and filed their lawsuit to recover the over-payment. As a

result, the Lawyers cannot rely on the doctrine of accord and satisfaction.

Having determined that the Lawyers have no defense for the breach of contract claim, we sustain the family's first issue.

### Breach of Fiduciary Duty

■ In their second issue, the López family contends that the breach of contract constitutes, as a matter of law, a breach of the Lawyers' fiduciary duty and justifies a fee forfeiture. Under the facts of this case, we agree. Undoubtedly, the Lawyers' characterization of the status of an appeal induced the family to agree to 45%. The evidence clearly indicates that everyone involved in the case proceeded with the understanding that the case would not be appealed so long as the case settled. For this reason, the attorneys breached their fiduciary duty because they knew the case was not going to be appealed at the time they charged the family the extra 5%. This breach was a serious one considering the substantial fees charged here. An attorney's action to grossly overcharge his client, or to imply to his client that he is entitled to over-payment, is a breach of fiduciary duty. Because we reach this conclusion, we next consider the Lawyers' assertion that the breach of fiduciary duty claim is barred by limitations.

### Statute of Limitations Defense

■ On cross-appeal, the Lawyers assert that the trial court erred in denying summary judgment on the issue of statute of limitations with respect to the family's claim for breach of fiduciary duty. The statute of limitations for the claim is two years. *See Burnap v. Linnartz,* 914 S.W.2d 142, 148 (Tex.App.—San Antonio 1995, writ denied) (determining that two-year statute of limitations period applies to client's claim of attorney's breach of fiduciary duty). The Lawyers contend that the breach of fiduciary duty claim is barred because they explained the reasons for charging the extra 5% in attorneys fees to the family at the time of the settlement and over two years expired before the family filed their lawsuit.

In response, the López family relies on the discovery rule. We agree that the discovery rule applies. *See Burnap,* 914 S.W.2d at 148 (discussing how limitations period is tolled until plaintiff discovers or should have discovered nature of his injury). The family may have understood that they were being charged the extra 5% for the reasons provided by their attorneys, but the family did not understand that the attorneys were not entitled to the extra fees. The family did not realize they had been over-charged until 1994. Because the family filed their lawsuit within the limitations period, we overrule the Lawyers' issue on cross-appeal and sustain the family's second issue. Having sustained the family's second issue, we now consider the family's position that the Lawyers must return the fees paid to them under the contract.

■ Upon a showing that his attorney breached his fiduciary duty to the client, the client is entitled to a fee forfeiture. *See Arce v. Burrow,* 958 S.W.2d 239, 251 (Tex.App.—Houston [14th Dist.] 1997, pet. granted) (deciding this issue in regard to an aggregate settlement agreement). Fee forfeiture is an equitable remedy and the amount of forfeiture depends upon the facts and circumstances of the particular case. *See Arce,* 958 S.W.2d at 250 (setting forth factors to consider in determining what portion of a fee an attorney must forfeit). Although authority exists to require the Lawyers to forfeit their entire fee, *see Bryant v. Lewis,* 27 S.W.2d 604, 606 (Tex.Civ.App.—Austin 1930, writ dism'd), we will not do so under these facts.

In this case, the Lawyers succeeded in their roles as trial advocates on behalf of the López family, but they failed in their roles as counselors. They may have disclosed pertinent facts, but they did not disclose the facts in a way that informed their clients that they had the right not to pay 45%. By implying that they were entitled to the extra 5% merely because an appeal had been perfected, the Lawyers breached their fiduciary duty to their clients. Nothing, however, exists in the record to indicate that the Lawyers actually lied to their clients. Most of the acts performed by the Lawyers on behalf of the López family inured to the family's benefit and occurred prior to the breach. *See Arce,*

958 S.W.2d at 249. For this reason, we will require the Lawyers to return only the overpayment.

### Conclusion

Because our disposition of the family's first and second issues, and our disposition of the Lawyers' cross-issue, effectively disposes of this appeal, we will not address the family's remaining issues. We reverse the trial court's order denying the Lópezes summary judgment and render judgment in favor of the Lópezes on both the breach of contract and the breach of fiduciary duty claims. Because we have no record to consider the Lópezes claim for attorneys fees, we remand the cause to the trial court for a determination of that issue.

Concurring and dissenting opinion by DUNCAN, J.

DUNCAN, Justice, concurring and dissenting.

I concur in the judgment insofar as it reverses the trial court's judgment and renders judgment in favor of the Lopez family. But I dissent from the majority's refusal to compensate the Lopez family, and penalize their attorneys, in accordance with the measure of damages mandated by Texas law for all fiduciaries, including attorneys—"forfeit[ure][of] all right to compensation." *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206, 209 (1960).

### BREACH OF FIDUCIARY DUTY

The majority states "[c]ertainly, the Lawyers understood that 'appealed to a higher court' means more than initiating the appellate process," and "[c]onstruing the employment contract in consideration of the parties' intention," there is "no evidence ... the Lópezes intended to pay their lawyers an additional $750,000.00 for doing nothing." The majority incorrectly treats construction of the contract as a question of fact involving the parties' intent and improperly imposes a burden of production on the attorneys to defeat the Lopez family's motion for summary judgment. However, I concur in part in the judgment in favor of the Lopez family

because the applicable substantive and procedural laws yield the same result.

In the circumstances presented, the contract provision at issue is subject to only one ethical and, therefore, plausible meaning: the additional five percent contingent fee payable "[i]f the case is appealed to a higher court" did not become due merely because Westinghouse, pending finalization of the settlement, filed a cash deposit to protect its right to appeal. *See* Texas Disciplinary Rules of Professional Conduct Rule 1.04(a)-(b) (prohibiting unconscionable fees). Accordingly, the disputed provision is unambiguous; its construction presents a question of law for the court; and extrinsic evidence of the parties' subjective intent is immaterial. *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282–83 (Tex.1996) (per curiam); *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex.1983).

### DAMAGES AND PENALTIES

Under well-settled Texas law, " '[i]f an attorney ... commits a material breach of his contract of employment, he thereby forfeits all right to compensation.' " *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206, 209 (1960) (quoting *Beaumont v. J.H. Hamlen & Son*, 190 Ark. 630, 81 S.W.2d 24 (1935)); *see also Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942) ("if the fiduciary 'takes any ... benefit in violation of his duty, ..., it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received' ") (quoting *United States v. Carter*, 217 U.S. 286, 306, 30 S.Ct. 515, 54 L.Ed. 769 (1910)); *Moore v. Kelley*, 162 S.W. 1034, 1037 (Tex.Civ.App.—Amarillo 1914, writ ref'd) ("if [an agent] acts adversely to his employer in any part of the transaction, ..., it amounts to such a fraud upon the principal as to forfeit any right to compensation for services"); *see generally* RESTATEMENT (SECOND) OF AGENCY § 469 (1958); *but see Arce v. Burrow*, 958 S.W.2d 239, 249–51 (Tex.App.—Houston [14th Dist.] 1997, pet. granted) (without citing to or discussing *Royden*, court holds complete fee forfeiture mandated by *Kinzbach Tool* and *Moore* does not apply in the attorney-client context).

I recognize complete fee forfeiture is a harsh remedy. But it is not, in my view,

unduly harsh. Rather, it is an appropriate means to vindicate beneficiaries' and society's legitimate expectations of fiduciaries—complete fee forfeiture ensures wronged beneficiaries are fully compensated for not only their monetary losses, but also for the non-economic damages associated with the betrayal of their trust; it inflicts upon the defendant fiduciary a swift and certain punishment for his or her breach of fiduciary duty; and, perhaps most importantly, it provides a sufficient disincentive to other fiduciaries to avoid similar misconduct.[1]

### CONCLUSION

I would follow established Texas law in this case and render judgment in favor of the Lopez family for the full forty-five percent contingent fee collected by their attorneys ($6,750,000.00), pre-and postjudgment interest, and costs of court. To do otherwise, in my view, constitutes yet another example of the special rules made by lawyers for lawyers, and it will further erode public confidence in the legal profession as a whole and the elected Texas judiciary in particular.

---

**1.** Even if the majority were correct in holding complete fee forfeiture is not mandated by established Texas law, its disposition of the issue is improper. If, as the majority concludes, complete forfeiture is not required, and the amount may vary with the facts and circumstances, then the amount of the forfeiture is a question of fact to be decided in the trial court. For this court to instead determine the appropriate forfeiture is an exercise of original rather than appellate juris-diction and usurps the trial court's factfinding function. *See International Security Life Ins. Co. v. Spray,* 468 S.W.2d 347, 349 (Tex.1971); *Arce,* 958 S.W.2d at 251; *Industrial Disposal Supply Co. v. Perryman Brothers Trash Service, Inc.,* 664 S.W.2d 756, 761–62 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *see generally* W. Wendell Hall, *Standards of Review In Texas,* 29 St. Mary's L.J. 351, 489 n. 911 (1998) and accompanying text.