

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00201-CV

Nathaniel **MACK** III d/b/a Mack Injury Attorneys and The Hall Law Group, PLLC,
Appellant

v.

R. Chris **PITTARD**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI03559
Honorable Marisa Flores, Judge Presiding

PER CURIAM

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: June 5, 2024

PETITION FOR PERMISSIVE APPEAL DISMISSED FOR WANT OF JURISDICTION

Petitioners Nathaniel Mack III d/b/a Mack Injury Attorneys and The Hall Law Group, PLLC (collectively, Mack and Hall) filed a joint petition seeking permission to appeal an interlocutory order denying their motion for summary judgment. Respondent R. Chris Pittard filed a response. We dismiss the petition for want of jurisdiction.

## BACKGROUND

This dispute involves a contingent attorney's fee in a personal injury lawsuit. In 2017, Pittard—who was then a licensed attorney—began representing a client named Curtis Cawthon.[1] The record before the trial court showed Mack began representing Cawthon in 2018 and signed filings on his behalf in 2019 and 2020. Hall joined the legal team "[s]ometime in 2021." In October of 2021, the parties and Cawthon signed an "Agreement and Consent to Terms of Associate Counsel/Division of Fees" (the fee-sharing agreement). The fee-sharing agreement called for Pittard to receive 25% of any contingent attorney's fees from Cawthon's lawsuit and for Mack and Hall to split the remaining 75% of the fees.

On November 17, 2021, while the Cawthon litigation was still ongoing, an evidentiary panel of the State Bar of Texas disbarred Pittard. When the Cawthon litigation settled in 2022, Pittard contacted Mack and Hall "to inquire about the status of his portion of the attorneys' fees awarded." When Mack and Hall refused to remit the requested fees, Pittard sued them for breach of contract. Pittard also sought a declaration that the fee-sharing agreement was enforceable.

Mack sought traditional summary judgment on Pittard's claims, and Hall adopted that motion. In their motion for summary judgment, Mack and Hall argued the terms of the fee-sharing agreement "required Pittard to serve as 'co-counsel'" and Pittard could not fulfill that obligation because he was disbarred before the litigation ended. They argued the disbarment therefore prohibited Pittard from collecting any fees under Rule 5.04(a) of the Texas Disciplinary Rules of Professional Conduct and the terms of his disbarment judgment.

In his summary judgment response, Pittard argued he was entitled to recover his share of the contingent attorney's fees because he completed his duties in the Cawthon litigation before he

---

[1] Cawthon is not a party to this proceeding.

was disbarred. As support for his response, Pittard presented a declaration attesting, inter alia, that he stopped performing "representation-related task[s]" in the Cawthon litigation in January of 2020 and "performed no legal work" on the case after October of 2021; both he and Mack knew when they signed the fee-sharing agreement that Pittard would soon be disbarred; and the fee-sharing agreement was intended only to ensure Cawthon's representation would not be affected by Pittard's disbarment. He attested that he "never intended to perform additional legal representation work following signing the [fee-sharing agreement], and [he] did not perform any."

On March 6, 2024, the trial court signed an interlocutory order that denied Mack and Hall's motion for summary judgment but granted them permission to file an immediate appeal from that order. *See* TEX. R. CIV. P. 168. The trial court's order provided:

> The Court finds that this order involves a controlling question of law about which there is a substantial ground for difference of opinion, specifically:
>
>> Under Texas Disciplinary Rule of Professional Conduct 5.04, is an attorney who is disbarred after participating in a client's case with co-counsel prohibited from receiving attorney's fees paid as a result of a settlement that occurred after the attorney was disbarred?
>
> The Court further finds that an immediate appeal from this order and resolution of the above-stated issue may materially advance the ultimate termination of this litigation proceeding. Accordingly, the Court concludes that the parties should be granted permission to immediately appeal this order.

On March 21, 2024, Mack and Hall filed a petition in this court seeking permission to appeal the trial court's interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f); TEX. R. APP. P. 28.3(a). Pittard filed a response to the petition on March 29, 2024. TEX. R. APP. P. 28.3(f).

## ANALYSIS

### *Applicable Law*

Our authority to consider a permissive appeal is governed by Texas Rule of Civil Procedure 168, Texas Civil Practice and Remedies Code section 51.014, and Texas Rule of Appellate

Procedure 28.3. The first step the petitioner must satisfy is obtaining the trial court's permission to appeal. TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE § 51.014(d). If the trial court grants permission to appeal, it must state its permission in an order that "must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE § 51.014(d); *see also* TEX. GOV'T CODE ANN. § 311.016(3) ("'Must' creates or recognizes a condition precedent.").

If the trial court signs an order that satisfies the requirements of Rule 168 and Section 51.014(d), the party who seeks to appeal must then petition this court for permission. TEX. R. APP. P. 28.3(a); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f). The petition must, inter alia, "argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(e)(4).

It is well-established that an appellate court's decision to accept or deny a properly certified permissive appeal is discretionary. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731–32 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(f) (court of appeals "*may* accept an appeal permitted by [Section 51.014(d)]" if appealing party files petition showing why immediate appeal is warranted) (emphasis added); *Ochoa v. Avila*, No. 08-23-00051-CV, 2023 WL 1991579, at *1 (Tex. App.—El Paso Feb. 14, 2023, no pet.) (mem. op.). A plurality of the Texas Supreme Court recently held that intermediate appellate courts have discretion to reject a permissive appeal "even when the requirements [of Rule 168 and Section 51.014(d)] are met." *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 21 (Tex. 2022) (plurality op.). Two concurring justices agreed with the plurality in *Industrial Specialists*, but they wrote

separately to explain they would have held the intermediate appellate courts have absolute discretion to deny a permissive appeal. *Id.* at 21–23 (Blacklock, J., concurring); *see also Sabre Travel*, 567 S.W.3d at 732.

In a dissenting opinion in *Industrial Specialists*, Justice Brett Busby—who was joined by Chief Justice Nathan Hecht and Justice Evan Young—explained he would have held: (1) the intermediate appellate courts' discretion to deny a permissive appeal is not unlimited; and (2) the court of appeals in *Industrial Specialists* erred by concluding the requirements of Section 51.014(d) and Texas Rule of Appellate Procedure 28.3 were not satisfied. *Indus. Specialists*, 652 S.W.3d at 30–31, 37–39 (Busby, J., dissenting). Even Justice Busby noted, however, that the courts of appeals do not have discretion to accept a permissive appeal where, inter alia, the trial court's order does not satisfy the requirements of Texas Rule of Civil Procedure 168. *Id.* at 25–27 (Busby, J., dissenting) ("Failure to satisfy [the] requirements [of Rule 168] will result in rejection of the appeal."); *see also Ace Am. Ins. Co. v. Guerra*, No. 13-16-00628-CV, 2017 WL 929485, at \*1–2 (Tex. App.—Corpus Christi–Edinburg Mar. 9, 2017, no pet.) (mem. op.) ("We are required to dismiss the appeal if the record fails to show the propriety of appellate jurisdiction.").

If a court of appeals denies a petition for permissive appeal, it must explain its reasons for doing so. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(g); TEX. R. APP. P. 28.3(*l*). The Texas Supreme Court may review the denial de novo. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(h); TEX. R. APP. P. 28.3(*l*).

### *Application*

Here, the trial court's order stated that resolution of the controlling legal question identified in the order "may materially advance the ultimate termination of this litigation proceeding." However, the order did not explain *why* the trial court reached that conclusion. TEX. R. CIV. P. 168; *Wholesale, Inc. v. Hous. Specialty Ins. Co.*, No. 01-23-00867-CV, 2024 WL 234745, at \*1–2 (Tex.

App.—Houston [1st Dist.] Jan. 23, 2024, no pet.) (per curiam) (mem. op.); *Ochoa*, 2023 WL 1991579, at \*2. While the petition Mack and Hall filed in this court explains—as required by Texas Rule of Appellate Procedure 28.3—why they believe an immediate appeal may materially advance the ultimate termination of the litigation, Mack and Hall cite no authority holding that their own compliance with Rule 28.3 permits us to overlook the Rule 168 deficiency in the trial court's order, and we have found no such authority. *See Duke Inc. v. Fuentes*, 672 S.W.3d 128, 131 (Tex. 2023) (Busby, J., concurring in denial of petition for review) (noting that in light of 2023 amendments to Section 51.014, "the courts of appeals should be inclined to review *properly certified* interlocutory appeals") (emphasis added). Because the trial court's order does not satisfy the requirements of Rule 168, Mack and Hall's petition "does not meet the strict jurisdictional requirements" for a permissive appeal. *See Ace Am.*, 2017 WL 929485, at \*1–2; *see also Luccia v. City of Houston*, No. 01-17-00378-CV, 2017 WL 2471107, at \*2 (Tex. App.—Houston [1st Dist.] June 8, 2017, no pet.) (per curiam) (mem. op.).

Even if we were to assume Mack and Hall's own assertions are sufficient to satisfy Rule 168, we lack jurisdiction to consider this permissive appeal for at least two additional reasons. First, this court has explained that "our jurisdiction is limited to the order or part of the order the trial court granted permission to appeal." *Kenyon v. Elephant Ins. Co., LLC*, 628 S.W.3d 868, 882 (Tex. App.—San Antonio 2020), *rev'd on other grounds by* 644 S.W.3d 137 (Tex. 2022). Similarly, the Texas Supreme Court has declined to address controlling questions of law not expressly identified in the trial court's order. *See BPX Operating Co. v. Strickhausen*, 629 S.W.3d 189, 195 n.4 (Tex. 2021). Here, as noted above, the controlling question of law identified in the trial court's order was:

> Under Texas Disciplinary Rule of Professional Conduct 5.04, is an attorney who is disbarred after participating in a client's case with co-counsel prohibited from

receiving attorney's fees paid as a result of a settlement that occurred after the attorney was disbarred?

As worded by the trial court, this question assumed that Pittard "participat[ed]" in Cawthon's case "with co-counsel," but it did not imply he had a continuing obligation to do so or that his disbarment precluded him from satisfying any such obligation.

Mack and Hall's petition, in contrast, describes "[t]he primary and controlling issue in the trial court and in this petition for permission to appeal" as "whether or not [Pittard] may recover any attorney's fees under a contingency fee agreement when he was disbarred *prior to completion of his obligation to jointly represent the client*." (emphasis added). Likewise, the authority cited by Mack and Hall in their petition considers whether an attorney's disbarment "render[ed] it impossible to complete the work that he engaged to perform" because he was disbarred "prior to the completion of his contingent fee contract[.]" *Royden v. Ardoin*, 331 S.W.2d 206, 209 (Tex. 1960); *Cruse v. O'Quinn*, 273 S.W.3d 766, 769, 773 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (noting parties to fee-sharing agreement "expressly agreed to assume joint responsibility for the representation" and a party's disbarment precluded him from satisfying that obligation). Stated differently, the issue presented in Mack and Hall's petition requires us to construe Pittard's contractual obligations under the fee-sharing agreement. While the interpretation of an unambiguous contract is a question of law,[2] *see BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 495 (Tex. App.—San Antonio 2013, pet. denied), the trial court's order did not grant Mack and Hall permission to appeal any questions of contract construction. *See BPX Operating Co.*, 629 S.W.3d at 195 n.4. Accordingly, the question presented by Mack and Hall's petition is not properly

---

[2] Both below and in this court, Pittard argued the fee-sharing agreement was ambiguous. *See A.W. Wright & Assocs., P.C. v. Glover, Anderson, Chandler & Uzick, L.L.P.*, 993 S.W.2d 466, 469–71 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). While ambiguity is a question of law, the trial court did not grant Mack and Hall permission to appeal that question. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d); *Orion Marine Constr., Inc. v. Cepeda*, No. 01-18-00323-CV, 2018 WL 3059756, at *3 (Tex. App.—Houston [1st Dist.] June 21, 2018) (mem. op.).

before us. *See Orion Marine*, 2018 WL 3059756, at *3 ("To the extent that there are other unresolved questions of law [not identified in trial court's order], a permissive appeal is an improper vehicle for resolving them.").

Second, a controlling issue of law that will support a permissive appeal "needs to be solely a question of law unconstrained by procedural or factual issues." *See El Paso Tool & Die Co., Inc. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.). "[Section 51.014(d)] does not contemplate permissive appeals of summary judgments where the facts are in dispute." *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Here, Pittard presented summary judgment evidence showing, inter alia, he stopped working on Cawthon's case almost a year before his disbarment; both he and Mack knew when they signed the fee-sharing agreement that Pittard would be disbarred shortly thereafter; and Pittard's share of the contingent fee decreased over time as Mack, and later Hall, assumed more responsibility for the litigation. This evidence arguably raises a fact issue that may have been the basis for the trial court's conclusion that Mack and Hall did not show they were entitled to judgment as a matter of law on Pittard's breach of contract and declaratory judgment claims. *Compare Lee v. Cherry*, 812 S.W.2d 361, 363–64 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (attorney who was disbarred after he fulfilled his contractual obligation to client was entitled to fee recovery), *with Cruse*, 273 S.W.3d at 773–78 (attorney who was disbarred before he fulfilled his contractual obligation to client was not entitled to recovery under fee-sharing agreement). Accordingly, we cannot say that this case involves a controlling question of law unconstrained by factual issues. TEX. CIV. PRAC. & REM. CODE § 51.014(d); *Mendez*, 593 S.W.3d at 805.

For these reasons, we conclude Mack and Hall have not shown this appeal is permitted by Section 51.014(d). *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d). We therefore lack jurisdiction to grant the petition. *See Ace Am.*, 2017 WL 929485, at \*1–2.

## CONCLUSION

We dismiss the petition for permission to appeal for want of jurisdiction.

PER CURIAM