**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00882-CV

_____

**JONATHAN BERYL HARRIS, THE LAW OFFICES OF J.B. HARRIS, PA AND J.B. HARRIS, P.A., Appellants**

**V.**

**PHILLIP T. HOWARD, HOWARD & ASSOCIATES, ATTORNEY AT LAW, P.A., VIRAGE CAPITAL MANAGEMENT, LP, AND VIRAGE SPV I LLC, Appellees**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-22971**

---

## DISSENTING OPINION

### Introduction

This appeal arises out of a declaratory judgment action concerning the proper interpretation of a settlement modifying a fee-sharing agreement between lawyers

representing plaintiffs in personal-injury litigation, which I refer to simply as the fee-sharing agreement hereafter. In the trial court, the parties agreed that their fee-sharing agreement is unambiguous and, consistent with their understanding, the trial court interpreted the fee-sharing agreement as a matter of law. Dissatisfied with the trial court's interpretation, one side appeals, asking that we reverse and render.

On appeal, the majority holds that the parties' fee-sharing agreement is ambiguous and the trial court thus erred in interpreting the fee-sharing agreement as a matter of law. Though the majority concedes that no one argues the fee-sharing agreement is ambiguous on appeal and that no one requests reversal and remand for a new trial on the issue of the fee-sharing agreement's proper interpretation, the majority nonetheless reverses and remands to allow a factfinder to interpret the ambiguous fee-sharing agreement in light of extraneous evidence of its meaning.

I dissent from the majority's judgment for two reasons. First, when, as here, the appellants solely request reversal and rendition, we cannot reverse and remand. This court's precedent, which the majority does not even acknowledge let alone try to distinguish, unambiguously says so. Second, the majority effectively ignores one of the appellants' issues, about which we should provide guidance if we remand.

## Discussion

## I.

In *Stevens v. National Education Centers*, our supreme denied a petition for review because the appropriate remedy for the ostensible error was a new trial but the petitioner sought reversal and rendition alone, rather than reversal and remand. 11 S.W.3d 185, 186 (Tex. 2000) (per curiam). Based on *Stevens*, our court has held that when an appellant seeks reversal and rendition alone, we cannot reverse and remand. *Solomon v. Buckle*, 695 S.W.3d 664, 674 (Tex. App.—Houston [1st Dist.] 2024, no pet.); *Jay Petrol. v. EOG Res.*, 332 S.W.3d 534, 538 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *cf. Powell Elec. Sys. v. Hewlett Packard Co.*, 356 S.W.3d 113, 129 n.9 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (reversing and remanding on limited issue of attorney's fees even though cross-appellant only requested reversal and rendition in its opening brief because it requested reversal and remand for this limited purpose in its reply brief). Several other courts of appeals have reached the same conclusion. *See, e.g.*, *Dipprey v. Double Diamond*, 637 S.W.3d 784, 813 (Tex. App.—Eastland 2021, no pet.); *Lopez-Juarez v. Kelly*, 348 S.W.3d 10, 14 (Tex. App.—Texarkana 2011, pet. denied); *In re S.K.H.*, 324 S.W.3d 156, 159–60 (Tex. App.—El Paso 2010, no pet.); *Molina v. Moore*, 33 S.W.3d 323, 327 (Tex. App.—Amarillo 2000, no pet.); *see also Wirt v. LaBelleCo Fab*, No. 09-

22-00099-CV, 2024 WL 1451166, at *14 (Tex. App.—Beaumont Apr. 4, 2024, no pet.) (mem. op.) (relying on our decision in *Solomon* for same conclusion).

Here, none of the parties has ever argued that the fee-sharing agreement is ambiguous, and none of the parties has sought reversal and remand for a new trial regarding the proper interpretation of the fee-sharing agreement. In their opening brief, the appellants pray that we "reverse the decision below and render, remanding only for further determination of [their] attorney's fees." They do not ask for other relief in their reply brief. Nor do the appellants include a more general or catchall request for any other relief to which they may be entitled in either of their briefs.

I do not quarrel with the majority's conclusion that the fee-sharing agreement is ambiguous and that we therefore cannot interpret it as a matter of law on appeal. However, when, as here, the only relief the appellants request is premised on us being able to interpret the agreement as a matter of law and they seek rendition alone, but only for the issue of attorney's fees, we have no choice but to reject their appellate issues concerning the proper meaning of the agreement and affirm the trial court's judgment. *See Solomon*, 695 S.W.3d at 674–75 (affirming judgment because cross-appellants were not entitled to relief they sought, modification and affirmance, and did not seek relief to which they would have been entitled, reversal and remand).

The decisions of the courts of appeals are not entirely uniform regarding whether an appellant's failure to seek reversal and remand forecloses this relief.

At least one court of appeals that otherwise applies our rule has held that when the disposition an appellant seeks is ambiguous and the appellant has clearly presented a meritorious issue in its brief, the courts of appeals must render whatever judgment is appropriate and authorized by our appellate procedural rules. *Marincasiu v. Drilling*, 441 S.W.3d 551, 558 (Tex. App.—El Paso 2014, pet. denied); *see also Garza v. Cantu*, 431 S.W.3d 96, 108–09 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (holding that appellant was entitled to reversal and remand even though he referred solely to rendition in body of his brief, given that his prayer requested reversal without specifying appropriate disposition). But there is no ambiguity here: the appellants seek rendition and request remand solely for the limited purpose of awarding attorney's fees in the event that we reverse and render. Similarly, the majority does not hold that the appellants have presented a meritorious issue in their briefing. Instead, the majority raises the issue of contractual ambiguity and reverses the trial court's judgment without regard to the parties' arguments.

Other decisions hold that the courts of appeals can reverse and remand even when an appellant instead requests reversal and rendition, so long as the appellant has not staked out a rendition-or-bust strategy on appeal, because an appellate court

can always grant less relief than is requested. *E.g.*, *Zaidi v. Shah*, 502 S.W.3d 434, 445–47 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Enshikar v. Zaid*, No. 14-18-0933-CV, 2020 WL 6203348, at *7 n.8 (Tex. App.—Houston [14th Dist.] Oct. 22, 2020, no pet.) (mem. op.) (explaining that appellate court will not grant relief that party states it does not want even if disposition is allowed under rules). Here, however, the appellants have staked out a rendition-or-bust strategy by exclusively seeking reversal and rendition on the issue of the fee-sharing agreement's meaning and remand "only for further determination of [the appellants'] attorney's fees" in the event that we sustain one of their four appellate issues.

Yet another line of authority holds that the courts of appeals simply are not bound by the disposition an appellant requests in its briefing; according to these decisions, the appellate procedural rules require the courts of appeals to render the judgment the trial court should have rendered no matter what an appellant requests. *E.g.*, *Wichita Cty. v. Envt'l Eng'g & Geotechnics*, 576 S.W.3d 851, 858–59 (Tex. App.—Austin 2019, no pet.); *Alta Mesa Holdings v. Ives*, 488 S.W.3d 438, 452 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Nat'l Cafe Servs. v. Podaras*, 148 S.W.3d 194, 200–01 (Tex. App.—Waco 2004, pet. denied). But these decisions assume the appellant has presented a meritorious issue on appeal that warrants some relief in its favor. *See Wichita Cty.*, 576 S.W.3d at 857–67; *Alta Mesa Holdings*, 488 S.W.3d at 448–52; *Nat'l Cafe Servs.*, 148 S.W.3d at 200–01; *see also DeNucci v.*

*Matthews*, 463 S.W.3d 200, 211 n.3 (Tex. App.—Austin 2015, no pet.) (explaining that courts of appeals can reverse and remand even if appellant does not request this relief in its brief so long as court sustains one or more of appellant's issues). But in this instance, the majority has not sustained any issue presented by the appellants.

We, of course, are bound by our precedent. *Mitschke v. Borromeo*, 645 S.W.3d 251, 256–57 (Tex. 2022); *Medina v. Tate*, 438 S.W.3d 583, 588 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Our precedent unambiguously forecloses reversal and remand when a party seeks only reversal and rendition. *Solomon*, 695 S.W.3d at 674; *Jay Petrol.*, 332 S.W.3d at 538. I note these alternative lines of authority from other courts of appeals solely for the purpose of showing that even if our court adopted one of them instead, they too foreclose the majority's judgment.

These other lines of authority underscore the extraordinary nature of the majority's opinion and judgment. The majority sidesteps the appellate issues raised by the parties without so much as suggesting that any have merit, raises an issue the parties did not broach at trial or on appeal, and reverses and remands for further proceedings based on this unraised and unbriefed issue. What the majority effectively does here is reverse and remand on the basis of unassigned error, which we cannot do. *E.g.*, *Pike v. Tex. EMC Mgmt.*, 610 S.W.3d 763, 782 (Tex. 2020); *see also Jelinek v. Casas*, 328 S.W.3d 526, 540 n.10 (Tex. 2010) (rejecting remand

advocated by dissent because party did not seek remand of this sort and reiterating principle that parties generally are not entitled to relief that they do not seek).

**III.**

Setting aside that we may not reverse and remand under these circumstances, the majority's remand is troubling because it fails to address an issue that must be resolved on remand. On appeal, the appellants argue that Philip T. Howard cannot recover under the parties' fee-sharing agreement because he has since been disbarred and is therefore disallowed from collecting attorney's fees. They may be right.

As the majority notes, the parties' fee-sharing agreement provides it is governed by Texas law. Moreover, even if Florida law applied, none of the parties has suggested it materially differs from Texas law, and we therefore would assume Florida and Texas law are the same and apply our own law. *See Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 685 (Tex. 2006) (agreeing Texas courts "can presume that the determinative law of another state is the same as Texas law absent proof or argument to the contrary"). Under Texas law, a disbarred attorney cannot collect attorney's fees for legal services not fully rendered before disbarment. *See Royden v. Ardoin*, 331 S.W.2d 206, 209 (Tex. 1960) ("Where the attorney, prior to the completion of his contingent fee contract is disbarred or suspended, he is not entitled to collect either on the contract or quantum meruit for the services, if any, that have been rendered."); *Cruse v. O'Quinn*, 273 S.W.3d 766, 772 (Tex. App.—

Houston [14th Dist.] 2008, pet. denied) (clarifying that *Royden* "only applies to those situations in which the attorney has not completed the legal services prior to disbarment").

Without analysis, the majority declares that this issue is unripe. The majority reasons that a factfinder must first ascertain the parties' rights under the fee-sharing agreement and then address whether Howard's rights are affected by his disbarment.

Respectfully, this stands the analysis on its head. As a matter of law, Howard cannot recover attorney's fees for legal services he did not fully perform before he was disbarred. *Royden*, 331 S.W.2d at 209; *Cruse*, 273 S.W.3d at 772. Thus, even if one assumes, as the majority does, that we must reverse and remand for a factfinder to ascertain the parties' rights under the fee-sharing agreement, an essential part of that factfinding process must include whether any of the fees Howard seeks under the fee-sharing agreement are foreclosed as a matter of law because he had not completed the legal services required of him by the agreement.

Here, the trial court rendered a judgment declaring Howard is entitled to 40 percent of any fee the appellants receive on hundreds of cases that have not gone to trial. Unless Howard fulfilled his contractual obligations before he was disbarred, he is not entitled to these fees. *Royden*, 331 S.W.2d at 209; *Cruse*, 273 S.W.3d at 772. The record on appeal does not allow us to render judgment on this issue, as it is not apparent whether he fulfilled his contractual obligations before he was disbarred.

9

But if we remand for entry of a new judgment after resolving the ambiguities of the fee-sharing agreement, as the majority does here, then any judgment declaring Howard to be entitled to fees that does not account for this issue may be void. *See Cruse*, 273 S.W.3d at 776 (holding interpretation of fee-sharing agreement allowing former lawyer to receive fees was "illegal and void" because he was "prohibited from receiving fees on cases subject to the FSA that were not settled or otherwise finally resolved before" his license was suspended or he was disbarred).

When, as here, the appellants raise a legal issue intertwined with another that prompts us to remand, we should provide meaningful guidance to the trial court to ensure against the possibility of further appeal resulting from an error we can prevent. *See, e.g.*, *Clay Expl. v. Santa Rosa Operating*, 442 S.W.3d 795, 802–03 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (addressing issue that provided guidance to parties in resolving live issues in case in interest of judicial economy).

**Conclusion**

Because the appellants seek only reversal and rendition on appeal, and we cannot reverse and render based on the issues they raise, we can only affirm. The majority instead reverses and remands for further factfinding on an issue it alone raises. It exacerbates this error by refusing to provide the parties and the trial court with any guidance about an issue that is intertwined with the one prompting remand. For both of these reasons, I respectfully dissent from the majority's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Justice Goodman, dissenting.

11